UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ODETTA GREY,

                Plaintiff,

-against-

FRESH DIRECT, INC.,

                Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**06 CV 1182 (ARR) (LB)**

**BLOOM, United States Magistrate Judge:**

      This matter was referred to me for pretrial supervision. On March 9, 2006, plaintiff filed a Title VII *pro se* complaint alleging that defendant discriminated against her on the basis of her race when she was terminated from employment with the defendant. Complaint at ¶¶ 4, 7. On December 6, 2006, defendant's counsel informed the Court, *inter alia*, that plaintiff had failed to appear at her deposition scheduled for November 30, 2006. On December 14, 2006, I ordered plaintiff to timely appear for her rescheduled deposition on February 7, 2007 at 10:00 a.m. The Court made clear that plaintiff's failure to comply with this Court Order would result in the recommendation that this action should be dismissed with prejudice. On February 7, 2007, defendant wrote to inform the Court that plaintiff had failed to appear for her February 7, 2007 deposition and requested that the Court dismiss this action with prejudice. For the following reasons, it is respectfully recommended that defendant's request should be granted and plaintiff's case should be dismissed.

      Rule 37(b)(2)(C) applies specifically in situations where parties fail to comply with discovery orders. See Fed. R. Civ. P. 37(b)(2)(C)("...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...[a]n order ... dismissing the action or proceeding or any part thereof ... "). In particular, Rule 37(d) applies to a litigant's failure to appear for his deposition. See e.g. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for pro se plaintiff's refusal



to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Id. at 763-764 (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976)); see also Daval Steel Prods v. M/V Fakredine, 951 F.2d 1357, 1364-65 (2d Cir. 1991) (explaining that Rule 37 "envisions some judicial intervention between a discovery request and the imposition of sanctions ... [which] serves to alert the offending party to the seriousness of its noncompliance ... and specifically informs the recalcitrant party concerning its obligations").

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995)). "Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin, 782 F.2d at 1132 (internal quotes omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against *pro se* litigants because "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including those proceeding *pro se*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their

actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

Plaintiff failed, without warning or excuse, to appear for her court ordered deposition on February 7, 2007. In addition, plaintiff failed to appear for a previously scheduled deposition on November 30, 2006. The Court's December 14, 2006 Order <u>explicitly ordered plaintiff to timely appear</u> on February 7, 2007 and warned plaintiff that I would recommend dismissal if she failed to do so. Plaintiff's failure to abide the Court's Order is not based on any misunderstanding, but is willful. Furthermore, plaintiff's failure to appear has prejudiced defendant as defendant's counsel has twice prepared and set aside time for plaintiff's depositions and twice incurred the needless expense of a court reporter.

The Court warned plaintiff in no uncertain terms that it would recommend dismissal of this action if she failed to appear on February 7, 2007 for her deposition. The interests of justice are not served by giving plaintiff unlimited chances to comply with court orders. Plaintiff has flouted the orders of the Court whose very power she invokes to vindicate her rights. There is no less drastic sanction than dismissal that would be effective in this action. The Court has weighed the relevant factors and finds that dismissal is warranted in the instant case in light of plaintiff's refusal to comply with this Court's Order dated December 14, 2006 and her willful disregard for the Court's authority. I therefore recommend that the Court should dismiss plaintiff's action.

## CONCLUSION

Accordingly, it is recommended plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C). See McDonald v. Head Criminal Court Supervisor, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), aff'd 850 F.2d 121 (2d Cir. 1988) (dismissal is proper where plaintiff refuses to play by the "basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights").

3

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: February 22, 2007
Brooklyn, New York